IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>USA WASTE OF CALIFORNIA, INC., a Delaware corporation, and MIKE DONOHUE, an individual,<br><br>    Defendants.<br>_____ | 2:10-cv-01096-GEB-KJN<br><br><u>ORDER RE: SETTLEMENT AND DISPOSITION</u> |

Plaintiff filed a Notice of Settlement on November 10, 2010, in which it states, the parties "have reached settlement and executed a [Proposed] Consent Agreement. The settlement is contingent upon the expiration of the federal agencies' 45-day review period." (ECF No. 13.) Plaintiff further states:

> The regulatory agencies' review period will end on or about January 14, 2011; if any of the reviewing agencies object to the proposed agreement, the parties would require additional time to meet and confer and attempt to resolve the agencies' concerns. Consequently, the parties submit that good cause exists to set February 15, 2010, as the deadline for the filing of a Stipulation for Approval of Consent Agreement and Dismissal of Plaintiff's Claims with Prejudice, or a Notice that the settlement is null and void.

<u>Id.</u> at 2:8-17.

1        Plaintiff has shown good cause under L.R. 160(b) to extend the time for filing dispositional papers. Therefore, a dispositional document shall be filed no later than February 15, 2010.

        The Final Pretrial Conference scheduled for December 19, 2011, at 1:30 p.m. will remain on calendar in the event that the above referenced dispositional document is not filed, or this action is not otherwise dismissed.[1]

        IT IS SO ORDERED.

Dated:  November 12, 2010

```
                                  _____
                                  GARLAND E. BURRELL, JR.
                                  United States District Judge
```

---

[1] The Final Pretrial Conference will remain on calendar, because the mere representation that a case has been settled does not justify discontinuance of calendering a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2